FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 05, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILLY W.,<br><br>      Plaintiff,<br><br>      v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>      Defendant. | No. 1:23-CV-3108-ACE<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION TO REVERSE<br>THE DECISION OF THE<br>COMMISSIONER<br><br>ECF Nos. 10, 18 |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 18. Attorney D. James Tree represents Billy W. (Plaintiff); Special Assistant United States Attorney Michonne L. Omo represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

//

//

ORDER GRANTING PLAINTIFF'S MOTION - 1

**JURISDICTION**

Plaintiff filed an application for benefits on October 27, 2020, alleging disability since June 26, 2019.  The applications were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Cecilia LaCara held a hearing on July 11, 2022, and issued an unfavorable decision on August 3, 2022.  Tr. 15-31.  The Appeals Council denied review on June 2, 2023.  Tr. 1-6.  Plaintiff appealed this final decision of the Commissioner on July 19, 2023.  ECF No. 1.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence

ORDER GRANTING PLAINTIFF'S MOTION - 2

and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy.  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On August 3, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 15-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 27, 2020, the application date.  Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: diabetes mellitus; post-traumatic stress disorder; schizophrenia; and substance use disorder.  Tr. 19.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment.  Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform medium work, subject to the following

1  limitations:  he must avoid concentrated exposure to excessive industrial level

2  vibration, respiratory irritants, and hazards; he is limited to frequent bilateral

3  handling and fingering; he is limited to simple, routine and repetitive tasks with

4  ordinary production requirements and no fast-paced assembly line type work; he

5  can have occasional, superficial contact with co- workers that does not involve

6  performing tandem tasks; and he can have occasional, superficial interaction with

7  the public.  Tr. 21-22.

8       At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 29.

9       At step five, the ALJ found there are jobs that exist in significant numbers in

10  the national economy that Plaintiff can perform, to include floor waxer, industrial

11  cleaner, and stores laborer.  Tr. 30.

12       The ALJ thus concluded Plaintiff has not been disabled since the application

13  date.  Tr. 30.

14                            **ISSUES**

15       The question presented is whether substantial evidence supports the ALJ's

16  decision denying benefits and, if so, whether that decision is based on proper legal

17  standards.

18       Plaintiff raises the following issues for review: (A) whether the ALJ

19  properly evaluated the medical opinion evidence; (B) whether the ALJ properly

20  evaluated Plaintiff's subjective complaints; (C) and whether the ALJ properly

21  developed the record.  ECF No. 10 at 2.

22                          **DISCUSSION**

23  **A.    Medical Opinions**

24       Under regulations applicable to this case, the ALJ is required to articulate

25  the persuasiveness of each medical opinion, specifically with respect to whether

26  the opinions are supported and consistent with the record.  20 C.F.R. §

27  416.920c(a)-(c).  An ALJ's consistency and supportability findings must be

28

ORDER GRANTING PLAINTIFF'S MOTION - 4

1  supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th
2  Cir. 2022).

3       Plaintiff argues the ALJ misevaluated four sets of medical opinions.  ECF
4  No. 11 at 9-17.  The Court addresses each in turn.

5       **1.  Steven Olmer, Psy.D. and Brian VanFossen, Ph.D.**

6       Dr. Olmer examined Plaintiff on August 13, 2020, conducting a clinical
7  interview and performing a mental status evaluation.  Tr. 390-95.  Dr. Olmer
8  assessed the severity of Plaintiff's mental impairments as "marked" and opined,
9  among other things, Plaintiff was severely limited in communicating and
10 performing effectively in a work setting, maintaining appropriate behavior in a
11 work setting, and completing a normal work day and work week without
12 interruptions from psychologically-based symptoms.  Tr. 393.  Dr. VanFossen, in
13 reviewing Dr. Olmer's assessment later that month, concurred with Dr. Olmer's
14 opined limitations.  Tr. 751.  The ALJ found both opinions unpersuasive.  Tr. 25.

15      The ALJ first discounted the opinions on the ground Dr. Olmer examined
16 Plaintiff "prior to the period at issue."  Tr. 25.  Substantial evidence does not
17 support this finding, as Plaintiff alleged disability beginning in June 2019 – over a
18 year prior to Dr. Olmer's examination.  The ALJ thus erred by discounting the
19 opinions on this ground.

20      The ALJ next discounted the opinions as overly reliant on Plaintiff's self-
21 report of symptoms.  Tr. 25-26.  On this record, the ALJ erred by discounting the
22 Dr. Olmer's opinion on this ground.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049
23 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because
24 of the relative imprecision of the psychiatric methodology.  Psychiatric evaluations
25 may appear subjective, especially compared to evaluation in other medical fields.
26 Diagnoses will always depend in part on the patient's self-report, as well as on the
27 clinician's observations of the patient.  But such is the nature of psychiatry.  Thus,
28 the rule allowing an ALJ to reject opinions based on self-reports does not apply in

1   the same manner to opinions regarding mental illness.") (cleaned up); *Lebus v.*
2   *Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981) ("Courts have recognized that a
3   psychiatric impairment is not as readily amenable to substantiation by objective
4   laboratory testing as is a medical impairment and that consequently, the diagnostic
5   techniques employed in the field of psychiatry may be somewhat less tangible than
6   those in the field of medicine.  In general, mental disorders cannot be ascertained
7   and verified as are most physical illnesses, for the mind cannot be probed by
8   mechanical devises in order to obtain objective clinical manifestations of mental
9   illness.").   The record indicates Dr. Olmer's opinion was based on clinical
10  observations and does not indicate the doctor found Plaintiff to be untruthful.
11  Therefore, this is no evidentiary basis for rejecting Dr. Olmer's opinion.  *Cf. Ryan*
12  *v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) (noting an ALJ
13  does not validly reject a doctor's opinion "by questioning the credibility of the
14  patient's complaints where the doctor does not discredit those complaints and
15  supports his ultimate opinion with his own observations").  The ALJ thus erred by
16  discounting the opinions on this ground.

17        Third, the ALJ discounted the opinion as inconsistent with mental status
18  examinations indicating Plaintiff's "attention, concentration, insight, and judgment
19  are generally intact." Tr. 26.  These are not reasonable inconsistencies. Plaintiff's
20  performance during clinical interviews – conducted in a close and sterile setting
21  with a psychiatric professional – is not reasonably inconsistent with the doctors'
22  opined limitations concerning Plaintiff's ability to, among other things, complete a
23  normal work day and work week without interruptions from psychologically-based
24  symptoms.  *Cf. Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than
25  merely stating their conclusions, ALJs "must set forth [their] own interpretations
26  and explain why they, rather than the doctors', are correct") (citing *Embrey v.*
27  *Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  The ALJ thus erred by discounting
28  the opinions on this ground.

ORDER GRANTING PLAINTIFF'S MOTION - 6

1     Finally, the ALJ discounted the opinions as "not consistent with the other

2   evidence of record, which shows some significant impairment-related mental

3   limitations, but certainly not to the extent suggested in Dr. Olmer's report."  This

4   finding is legally erroneous: the ALJ failed to cite to any evidence in support.  An

5   ALJ's rejection of a clinician's opinion on the ground that it is contrary to

6   unspecified evidence in the record, as here, is "broad and vague," and fails "to

7   specify why the ALJ felt the [clinician's] opinion was flawed."  *McAllister v.*

8   *Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  It is not the job of the reviewing court

9   to comb the administrative record to find specific conflicts.  *Burrell v. Colvin*, 775

10  F.3d 1133, 1138 (9th Cir. 2014).  The ALJ thus erred by discounting the opinions

11  on this ground.

12     The ALJ accordingly erred by discounting the opinions.[1]

13     **2.  Patrick Metoyer, Ph.D.**

14     Dr. Metoyer examined Plaintiff on March 28, 2021, conducting a clinical

15  interview and performing a mental status evaluation.  Tr. 415-19.  Dr. Metyoer

16  opined, among other things, Plaintiff's ability to maintain regular attendance in the

17  workplace and ability to complete a normal workday and workweek without

18  interruptions from psychologically-based symptoms were markedly impaired.  Tr.

19  419.  The ALJ found Dr. Metoyer's opinion "not fully persuasive."  Tr. 26.

20     The ALJ first discounted the opinion on the ground Plaintiff, in the ALJ's

21  view, "minimized his functional abilities" on examination.  Tr. 26.  In support, the

22  ALJ reasoned while Plaintiff "stated he did not know the current President of the

23  United States, did not know the current governor of Washington, could not name

24  any current event, could not identify the states bordering Washington, could not

25  perform serial 7's, and could not interpret a proverb," he nevertheless "tak[es] care

26

27  [1] Because the ALJ erred by discounting the opinion of Dr. Olmer, she necessarily
    erred by discounting the opinion of Dr. VanFossen on the ground the doctor
28  "merely affirmed Dr. Olmer's opinion."  Tr. 26.

ORDER GRANTING PLAINTIFF'S MOTION - 7

of his personal needs, shop[s] for groceries, remember[s] and attend[s] medical appointments, driv[es], handl[es] his finances, and work[s] on his car." Tr. 26-27. The Court cannot sustain the ALJ's finding: at the time of examination, as noted by Dr. Metoyer, Plaintiff was *living* in his car, showering approximately two times per month, eating once a day, and had difficulty managing money. Tr. 415, 418. When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence. *See Reddick*, 157 F.3d at 722–23. (reversing ALJ's decision where its "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). The ALJ did not do so here. Further, Dr. Metoyer did not share the ALJ's view that Plaintiff "minimized" his abilities. *Cf. Ryan*, 528 F.3d at 1199–200. The ALJ accordingly erred by discounting the opinion on this ground.

The ALJ also discounted the opinion as "based solely on information provided by the claimant." Tr. 27. On this record, as discussed above, the ALJ erred by discounting the opinion of a mental health practitioner on this ground.

The ALJ accordingly erred by discounting Dr. Metoyer's opinion.

**3. Cynthia Hurtado, ARNP.**

ARNP Hurtado, Plaintiff's treating provider, authored a medical source statement on July 15, 2020. Tr. 389. ARNP noted Plaintiff's chronic PTSD "with psychoses and mania" diagnosis and opined Plaintiff "is unable to work now and for an undetermined amount of time." Tr. 389. The ALJ principally rejected the opinion as conclusory, concerning an issue reserved to the Commissioner, brief and vague, and unsupported. Tr. 25. Without addressing the merits of the ALJ's findings, the Court concludes the ALJ should have further developed the record to obtain a more fulsome medical source statement, lest potentially significant, probative, and helpful evidence from Plaintiff's treating provider be excluded from the record and, by extension, the ALJ's evaluation. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an

1    independent duty to fully and fairly develop the record and to assure that the

2    claimant's interests are considered.") (internal quotation marks and citations

3    omitted).    Because the ALJ failed to do so, the Court concludes the ALJ erred in

4    assessing ARNP Hurtado's opinion.

5    **4. Carol Moore, Ph.D. and Howard Atkins, Ph.D.**

6    Dr. Moore conducted a mental residual functional capacity assessment at the

7    administrative level, opining, among other things, Plaintiff's ability to maintain

8    regular attendance was "[n]ot significantly limited" and ability to complete a

9    normal workday and workweek without interruptions from psychologically-based

10   symptoms was "[m]oderately limited."  Tr. 113-14.  Dr. Atkins endorsed Dr.

11   Moore's assessment on reconsideration.  Tr. 138-42.  The ALJ found these

12   opinions persuasive.  Tr. 27.

13   Plaintiff contends the ALJ erroneously found these opinions more

14   persuasive than the opinions discussed above.  ECF No. 10 at 16.  Although the

15   ALJ was not required to provide reasons in support of incorporating a medical

16   opinion into the residual functional capacity determination, *see Turner v. Comm'r*

17   *of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010), because the ALJ erred by

18   discounting the three sets of medical opinions discussed above, the ALJ must also

19   reassess these opinions anew on remand.

20   **B.    Subjective Complaints**

21   Plaintiff contends the ALJ erred by not properly assessing Plaintiff's

22   symptom complaints.  ECF No. 10 at 3-10. Where, as here, the ALJ determines a

23   claimant has presented objective medical evidence establishing underlying

24   impairments that could cause the symptoms alleged, and there is no affirmative

25   evidence of malingering, the ALJ can only discount the claimant's testimony as to

26   symptom severity by providing "specific, clear, and convincing" reasons supported

27   by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

28

1    The Court concludes the ALJ failed to offer clear and convincing reasons to

2    discount Plaintiff's testimony.

3         The ALJ first discounted Plaintiff's testimony as inconsistent with the

4    medical evidence.  Tr. 23.  However, because the ALJ erred by discounting three

5    sets of medical opinions, and necessarily failed to properly evaluate the medical

6    evidence, as discussed above, this is not a valid ground to discount Plaintiff's

7    testimony.

8         The ALJ next discounted Plaintiff's testimony as inconsistent with his

9    activities.  In support, the ALJ noted Plaintiff, among other minimal activities, "is

10   able to shop for food and do his laundry once a month," "drives to a park every day

11   where he thinks and write," and "lives at his grandmother's house, where he

12   showers, does laundry, and occasionally cooks."  Tr. 24.  Plaintiff's activities are

13   neither inconsistent with nor a valid reason to discount his allegations.  *See*

14   *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking

15   simple meals, self-grooming, paying bills, writing checks, and caring for a cat in

16   one's own home, as well as occasional shopping outside the home, are not similar

17   to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th

18   Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has

19   carried on certain daily activities, such as grocery shopping, driving a car, or

20   limited walking for exercise, does not in any way detract from her credibility as to

21   her overall disability.  One does not need to be 'utterly incapacitated' in order to be

22   disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*,

23   157 F.3d at 722 ("Several courts, including this one, have recognized that disability

24   claimants should not be penalized for attempting to lead normal lives in the face of

25   their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting

26   that a disability claimant need not "vegetate in a dark room" in order to be deemed

27   eligible for benefits).  Similarly, Plaintiff's activities do not "meet the threshold for

28   transferable work skills."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing

ORDER GRANTING PLAINTIFF'S MOTION - 10

1    *Fair*, 885 F.2d at 603).  The ALJ accordingly erred by discounting Plaintiff's

2    testimony on this ground.

3    Third, the ALJ discounted Plaintiff's testimony on the ground Plaintiff, in

4    the ALJ's view, "exaggerated his symptoms and limitations."  Tr. 24.  For the

5    reasons discussed above, it was error for the ALJ to discount Plaintiff's testimony

6    on this ground.

7    Finally, the ALJ discounted Plaintiff's testimony on the ground Plaintiff

8    "has not always been forthcoming about his drug and alcohol use."  Tr. 23.  The

9    ALJ's findings on this score are not the model of clarity and the Commissioner's

10   brief relies heavily on speculation.  *See* ECF No. 18 at 15 ("However, mere

11   repetition of notes in the record does not mean they were simply copied and

12   pasted—they *may*, indeed, have represented continued use, despite his testimony to

13   the contrary.") (emphasis added); *id.* ("[B]ecause this was Plaintiff's initial

14   appointment with this provider to treat hand and wrist issues, *it seems unlikely* the

15   provider would have made note of drug use that was strictly in the past.")

16   (emphasis added).  Further, symptom evaluation should not "delve into wide-

17   ranging scrutiny of the claimant's character and apparent truthfulness," *Trevizo*,

18   871 F.3d at 678 n.5 (quoting SSR 16–3p) – especially if such scrutiny relies on

19   such a flimsy evidentiary foundation.  The Court concludes this finding is not

20   supported by substantial evidence.  The ALJ thus erred by discounting Plaintiff's

21   testimony on this ground.

22   The ALJ accordingly erred by discounting Plaintiff's testimony.

23                                          **CONCLUSION**

24   Because the Court remands this case, it need not reach Plaintiff's remaining

25   assignment of error regarding the ALJ's duty to develop the record.  *See PDK*

26   *Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to

27   decide more, it is necessary not to decide more.") (Roberts, J., concurring in part

28   and concurring in the judgment).  On remand, the ALJ shall fully develop the

record, reevaluate the opinions of Dr. Olmer, Dr. VanFossen, Dr. Metoyer, ARNP Hurtado, Dr. Moore, and Dr. Atkins, reassess Plaintiff's testimony, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).  Therefore, **IT IS HEREBY ORDERED:**

1.    Plaintiff's motion to reverse, **ECF No. 10**, is **GRANTED**.

2.    Defendant's motion to affirm, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 5, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 12